1
2
3
4
5
6
7
8                 **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CITIZENS INSURANCE COMPANY OF                CASE NO. 12cv430-IEG(WVG)
    AMERICA,
12
                              Plaintiff,         ORDER DENYING NATIONAL
13        vs.                                    CASUALTY COMPANY'S MOTION
                                                 TO DISMISS
14  NATIONAL CASUALTY COMPANY,

15                            Defendant.

16        Plaintiff Citizens Insurance Company of America ("Citizens") has brought this action for

17  declaratory relief and contribution against Defendant National Casualty Company ("NCC").

18  Presently before the Court is the motion to dismiss filed by Defendant NCC.  Following briefing

19  by the parties, the Court found the matter appropriate for submission on the papers and without

20  oral argument. For the reasons explained herein, the Court DENIES NCC's motion.

21                                    *__Background__*

22        Innovation Ventures, LLC dba Living Essentials ("Living Essentials") is the maker of the

23  5-Hour Energy drink.  In July of 2008, Hansen Beverage Company filed a lawsuit against Living

24  Essentials in this Court alleging, among other things, that Living Essentials engaged in an

25  advertising campaign which falsely disparaged Hansen's energy drinks.  [Complaint, ¶ 6;

26  Declaration of Eric B. Strongin in Support of Motion to Dismiss ("Strongin Decl."), ¶ 1 and

27  Exhibit 1 (Hansen's Complaint).]

28        Living Essentials was the named insured on a Commercial General Liability policy of

                                         - 1 -
                                                                                   12cv430

insurance issued by Citizens for the period January 1, 2008 through January 1, 2009.  [Complaint, ¶ 7.]  The Citizens policy provided that Citizens would indemnify Living Essentials for damages because of "personal and advertising injury," and would defend Living Essentials against any suit seeking covered damages.  [*Id*.]  NCC also issued four consecutive "Media Special Peril – Advertiser Coverage" policies to Living Essentials, covering the time period April 26, 2004 through April 26, 2008.  [*Id*. ¶ 8; Declaration of Eric B. Strongin in Support of Motion to Dismiss ("Strongin Decl."), ¶ 4 and Exhibit 3.]  The NCC policy provided that NCC would

> [P]ay on behalf of the Insured all damages and claim expenses in excess of the Self-Insured Retention and within the Policy Limit which the Insured becomes legally obligated to pay because of liability imposed by law or assumed under contract as a result of one or more claims arising out of:
> A.  any form of defamation or other tort related to disparagement or harm to the character, reputation or feelings of any person or organizations, including libel, slander, product disparagement, trade libel, infliction of emotional distress, outrage or outrageous conduct ....

[Strongin Decl., Exhibit 3, p. 1.]

Living Essentials tendered the defense of the underlying action to both Citizens and NCC. [Complaint, ¶ 9.]  Citizens agreed to provide a defense, and ultimately paid in excess of $930,000 defending Living Essentials in the underlying action.  NCC refused to pay any portion of Living Essentials' defense costs.  [*Id*.]  Citizens now seeks declaratory relief that Hansen's claims against Living Essentials in the underlying suit were potentially covered under the NCC policy, and that NCC is therefore legally responsible for paying some portion of Living Essentials' defense costs. [*Id*. ¶¶ 11-13.]  Citizens also seeks equitable contribution from NCC of one-half Living Essentials' defense costs, alleging NCC is a "co-insurer".  [*Id*. ¶¶ 15-17.]

Defendant NCC now moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing there is no coverage under NCC's policy for the insured's claim, and therefore no contribution is owed.

### ***Legal Standard***

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In ruling on a motion to

dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The court, however, need not accept "legal conclusions" as true. *Iqbal*, 129 S. Ct. at 1949. Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In ruling on a motion to dismiss under Rule 12(b)(6), the court may consider allegations contained in the pleadings as well as exhibits attached to the complaint and matters subject to judicial notice. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008).

### *Discussion*

Defendant NCC argues the Court should dismiss Citizens' complaint because (1) the NCC policy explicitly excludes coverage for advertising injury, the sole basis for the three causes of action in the underlying action, and (2) the NCC policy is excess to the Citizens policy, the limits of which were never exhausted. NCC argues its policy is purely a duty-to-reimburse or duty-to-pay policy which does not contemplate a duty to defend. Even assuming the policy includes a duty to defend, NCC argues there is no coverage for false advertising, as alleged in the underlying action. Finally, NCC argues there was no duty to pay defense costs because the primary Citizens policy was never exhausted.

Insurance policies are considered to be contracts subject to ordinary rules of contract interpretation.[1] *Clarendon America Ins. Co. v. North American Capacity Ins. Co.*, 186 Cal. App. 4th 556, 566 (2010) (court applies ordinary rules of contract interpretation in construing terms of insurance contract). Where policy language is not ambiguous, it must be interpreted according to its plain meaning, giving every provision of the policy as it was written full and operative effect.

---

[1]NCC argues the Court should apply the law of Michigan. However, because NCC has not identified any conflict between the law of California and Michigan, the Court may properly apply California law. *See Hurtado v. Superior Court*, 11 Cal. 3d 574, 580 (1974) (party seeking application of foreign law has initial burden to demonstrate a conflict); *Washington Mutual*, 24 Cal. 4th at 919 ("[T]he foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California."); *see also Gitano Group, Inc. v. Kemper Group*, 26 Cal. App. 4th 49, 56-67 (1994) (where parties disputed proper interpretation of contract terms, trial court properly declined to conduct conflicts analysis under Civ. Code § 1646 where the laws of the various states were identical).

1    *Fireman's Fund Ins. Co. v. Superior Court*, 64 Cal. App. 4th 1205, 1212 (1997).

2
            To yield their meaning, the provisions of a policy must be considered in their full
            context. Where it is clear, the language must be read accordingly. Where it is not, it
3           must be read in conformity with what the insurer believed the insured understood
            thereby at the time of formation and, if it remains problematic, in the sense that
4           satisfies the insured's objectively reasonable expectations.

5    *Buss v. Superior Court*, 16 Cal. 4th 35, 45 (1997) (internal citations omitted).

6            Here, Citizens' complaint and opposition to NCC's motion raise several issues which are

7    inappropriate for resolution on this motion to dismiss.  First, although NCC relies upon an

8    exclusion in its policy for false advertising, the underlying complaint also contained a claim for

9    trade libel, which does appear to fall within the coverage of the NCC policy.  [Strongin Decl.,

10   Exhibit 1, pp. 6-8 (Underlying Complaint); Strongin Decl., Exhibit 3, p. 1 (NCC Policy, listing

11   "trade libel" as a covered claim).]  Second, the Citizens and NCC policies covered different

12   periods of time, and only overlapped for a period of several months.  While the NCC policy

13   provided coverage to Living Essentials during the entire period from April 26, 2004 through

14   April 26, 2008, the Citizens policy provided coverage only from January 1, 2008 to January 1,

15   2009.  The underlying complaint, filed in July of 2008, does not specify when the alleged

16   advertising occurred.  Therefore the Court cannot determine if Living Essentials was an insured

17   covered by both NCC and Living Essentials.  Third, although NCC asserts that the Citizens Policy

18   was never exhausted, this fact does not appear on the face of the complaint or in the judicially

19   noticeable documents.  Citizens has alleged sufficient facts to demonstrate it may be entitled to

20   relief on its claims.  Therefore, the Court DENIES NCC's motion to dismiss.

21                                              ***Conclusion***

22           For the reasons set forth herein, the Court DENIES NCC's motion to dismiss Citizens'

23   Complaint.

24           **IT IS SO ORDERED.**

25   **DATED:  June 12, 2012**

26                                          _____
                                            **IRMA E. GONZALEZ, Chief Judge**
27                                          **United States District Court**

28